# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Christina Cupp, as Administrator of the Estate of Little John Cupp** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>)<br>) |
| **v.** | ) Case No.<br>) |
| **United Healthcare Services, Inc., EviCore Healthcare MSI, LLC, Adena Health System, Adena Medical Group, LLC, and Hafeez Ul Hassan** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(c) and 1446, Defendant, EviCore Healthcare MSI, LLC ("EviCore"), hereby removes this action from the Court of Common Pleas of Franklin County, Ohio, to the U.S. District Court for the Southern District of Ohio. As explained below, this action is within this Court's original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the plaintiff seeks to recover benefits under an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

1. Plaintiff, Christina Cupp, filed a Complaint on behalf of the Estate of Little John Cupp against United Healthcare Services, EviCore, Adena Health System, Adena Medical Group, and Dr. Hafeez Ul Hassan. The Complaint alleges six counts. In Count I, Cupp seeks a declaratory judgment that Decedent was insured under the subject employee welfare benefit plan and therefore was entitled to receive plan benefits for certain cardiac testing. Complaint, ¶¶ 26-33. In Count II, Plaintiff alleges a breach of the subject employee welfare benefit plan. Complaint, ¶¶ 34-38. In Count III, Plaintiff alleges bad faith pursuant to Ohio's insurance statutes and regulations.

Complaint, ¶¶ 39-45. In Count IV, Plaintiff seeks punitive damages. Complaint, ¶¶ 46-49. In Count V, Plaintiff also alleges a claim for wrongful death. Complaint, ¶¶ 50-54. In Count VI, Plaintiff alleges that Decedent did not give informed consent to certain medical treatment. Complaint, ¶¶ 55-57. A copy of all pleadings served in the state court are attached hereto as Exhibit A.

2. EviCore performed certain claim administration services under an employee welfare benefit plan that was sponsored by Jones Lang LaSalle, Decedent's former employer. Complaint ¶¶ 4, 12. The plan is known as the Jones Lang LaSalle Welfare Benefits Plan ("the Plan"). Complaint ¶ 12.

3. The Plan is subject to and governed by ERISA, as stated in the Plan document entitled "Summary Plan Description" ("SPD"). *See* Summary Plan Description, attached hereto as Exhibit B at pp. 181 and as Exhibit 1 to Complaint, "Important Administrative Information: ERISA".

4. The health benefits offered under the Plan are summarized and described in the SPD. *See* Exhibit B and Exhibit 1 to Complaint.

5. If an action filed in state court includes both "a claim arising under the Constitution, laws, or treaties of the United States" and "a claim not within the original or supplemental jurisdiction of the district court," the defendant to the claim arising under federal law may remove the entire action, notwithstanding the inclusion of the claim that is otherwise non-removable. 28 U.S.C. § 1441(c)(1). Upon removal of such an action, § 1441(c)(2) directs the district court to sever any non-removable claims from the action. Only the defendant to the removable claim need join in or consent to the removal. *Id.*

6.      This action is within the Court's original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Plaintiff seeks to recover benefits under, and enforce the terms of, a welfare benefit plan governed by ERISA. Complaint, ¶¶ 26-38, Prayer for Relief.

7.      Plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B), which provides that a participant or beneficiary under an ERISA plan may file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  This Court has original jurisdiction of this action under both 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

8.      The documents governing the Plan reflect that Jones Lang LaSalle established the Plan for the benefit of its employees, that the Plan is an employee welfare benefit plan[1] under the ERISA statute, and that ERISA governs the Plan and the SPD. *See* Exhibit B at pp. 182-184, (Your ERISA Rights.)

9.      Consistent with its ERISA obligations, Jones Lang LaSalle filed Treasury Form 5500 for the subject Plan, which is mandatory for employee benefit plans governed by ERISA. *See* Form 5500 Schedule A, attached hereto as Exhibit C. *See generally*, *Hi-Lex Controls, Inc.v. Blue Cross Blue Shield*, 751 F.3d 740, 746 (6th Cir. 2014) (noting practice of filing Form 5500 indicated understanding of ERISA applicability).

10.     Plaintiff may not attempt to state a claim for benefits under the Plan in terms of state law because ERISA converts the claim into one arising under federal law pursuant to the doctrine of complete preemption. "The preemptive force of ERISA is so powerful that it converts a state law claim [relating to benefits under a welfare benefit plan] into an action arising under

---

[1] ERISA defines an "employee welfare benefit plan," as a plan or program established or maintained by an employer for the purpose of providing participants or their beneficiaries, through the purchase of insurance or otherwise, with benefits in the event of sickness, accident, disability, death or unemployment.  29 U.S.C. § 1002(1)

3

federal law, even if the plaintiff does not want relief under ERISA." *Tolton v. American Biodyne,* 48 F.3d 937 (6th Cir. 1995); *Cromwell v. Equicore, Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991); *Ackerman v. Fortis Benefits Ins. Co.,* 254 F.Supp.2d 792, 819 (S.D. Ohio, 2003); *Foster v. Blue Cross & Blue Shield,* 969 F.Supp. 1020, 1024 (E.D. Mich. 1997); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996).

11. EviCore may remove an action to federal court by filing a notice of removal in accordance with 28 U.S.C. § 1446(c). EviCore's agent was sent a Request to Waive Service of Summons which was received on or around March 6, 2024. The notice of removal is timely because it was filed within 30 days after EviCore received a copy of the initial pleading. 28 U.S.C. § 1446(b)(2)(B). To date, the only Defendant that has filed an appearance in the Franklin County action is United HealthCare Services, Inc. ("UHS").  As is required per § 1441(c)(2), EviCore has obtained consent to this filing of removal from Defendant UHS.  *See* email consent obtained by counsel for UHS, attached hereto as <u>Exhibit D</u>.

12. Concurrent with the filing of the notice of removal, Defendant EviCore is filing a Notice of Filing of Notice of Removal with the Court of Common Pleas for Franklin County.

    Respectfully submitted:

    DEFENDANT, EviCore Healthcare MSI, LLC,

    By:   /s/ Carly D. Glantz
          Trial Attorney
    Carly D. Glantz (0098428)
    cglantz@meyersroman.com
    MEYERS, ROMAN, FRIEDBERG & LEWIS
    28601 Chagrin Blvd, Suite 600
    Cleveland, OH 44122
    (216) 831-0042
    (216) 831-0542

## **CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that on March 29, 2024, this document was e-filed through the Court's CM/ECF system, and that this document was emailed to counsel of record identified below.

                    /s/ Carly D. Glantz


John A. Markus
jmarkus@leeseberglaw.com
Craig S. Tuttle
ctuttle@leeseberglaw.com
Leeseberg Tuttle
*Attorneys for Plaintiff*

Brian D. Boone
Brian.boone@alston.com
Alton & Bird LLP
*Attorney for United HealthCare Services, Inc.*