IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO
GENERAL DIVISION

CHRISTINA L. CUPP, as Administrator
of the Estate of LITTLE JOHN CUPP
c/o Leeseberg Tuttle
175 South Third Street, Penthouse One
Columbus, Ohio 43215

        Plaintiff,

    vs.

UNITED HEALTHCARE SERVICES, INC.
c/o CT Corporation System, Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

and

EVICORE HEALTHCARE MSI, LLC
D/B/A EVICORE HEALTHCARE
c/o CT Corporation System, Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

and

ADENA HEALTH SYSTEM D/B/A
ADENA REGIONAL MEDICAL CENTER
c/o Craig Babbitt, Agent
272 Hospital Road
Chillicothe, Ohio 45601

and

ADENA MEDICAL GROUP, LLC
c/o Craig Babbitt, Agent
272 Hospital Road
Chillicothe, Ohio 45601

Case No: 24-CV-_____

Judge _____

*Jury Demand Endorsed Hereon*

1

and

HAFEEZ UL HASSAN, MD
4467 Perrin Street
Grove City, Ohio 43123

       Defendants.

## COMPLAINT
(Declaratory Judgment/ Breach of Contract/Bad Faith/
Punitive Damages/Wrongful Death/Informed Consent)

### FACTS AND JURISDICTION

1. Pursuant to R.C. 2305.21, Plaintiff Christina L. Cupp brings this action as the duly appointed Administrator of the Estate of Little John Cupp ("Plaintiff's decedent") for the exclusive benefit of the next of kin. Plaintiff's decedent resided in Ross County, Ohio at the time of his death and his Estate was opened in the Probate Court of Ross County, Ohio, Case No. 2022E0259.

2. Defendant United Healthcare Services, Inc. ("United Healthcare") is a foreign corporation located in the State of Minnesota, which provides health insurance services to its members, beneficiaries, affiliates, partner, and/or agents throughout the country, including the State of Ohio.

3. Defendant EviCore Healthcare MSI, LLC d/b/a EviCore Healthcare ("EviCore") is a foreign limited liability company located in the State of South Carolina, which provides health insurance management services on behalf of health insurance companies throughout the country, including the State of Ohio.

2

4. Defendants United Healthcare and EviCore (hereinafter referred to as "Health Insurance Defendants") provided health insurance services to Plaintiff's decedent from January 1, 2021 through his death, including but not limited to:

   a. Accepting premiums;

   b. Selling health insurance policies;

   c. Handling, adjusting, negotiating, and paying claims submitted by medical providers of Plaintiff's decedent;

   d. Making pre-authorization determinations regarding medical treatment proposed by medical providers of Plaintiff's decedent; and/or

   e. Determining whether ordered treatments are medically necessary for Plaintiff's decedent.

5. Defendant Adena Health System ("Adena") is an Ohio corporation, located in Chillicothe, Ross County, Ohio, which does business under the trade name "Adena Regional Medical Center." Adena provides treatment, by and through its actual and ostensible agents and employees, to those in need of medical care.

6. Defendant Adena Medical Group, LLC ("AMG") is an Ohio limited liability company, located in Chillicothe, Ross County, Ohio. AMG provides treatment, by and through its actual and ostensible agents, owner, members, and/or employees, to those in need of medical care.

7. Defendant Hafeez ul Hassan, M.D. ("Defendant Hassan"), is a resident of Grove City, Franklin County, Ohio who is duly licensed to practice medicine by and in the State of Ohio. At all times relevant, Defendant Hassan provided treatment for

3

consideration to those in need of medical care.

8. At all times relevant, Defendant Hassan was an agent, employee, owner, and/or member of Adena and/or AMG.

9. Defendants, individually or by and through agents and/or employees, provided medical care, treatment, and services to Plaintiff's decedent between December 9, 2021 and March 3, 2022.

10. Specifically, on December 9, 2021, Plaintiff's decedent complained of shortness of breath and dyspnea on exertion, which had started a few months earlier, and his primary care physician ordered a transthoracic echocardiogram to further investigate his cardiac function. This echocardiogram, which was read by Defendant Hassan, demonstrated significant abnormalities, namely evidence of coronary artery disease and prior infarction, thereby requiring further investigation and intervention.

11. Given the abnormal echocardiogram findings, Defendant Hassan recommended and ordered that Plaintiff's decedent undergo a left heart catheterization and ventriculography.

12. Plaintiff's decedent was insured under a health insurance policy ("Policy") provided by and/or managed by the Health Insurance Defendants. Plaintiff's decedent's Member ID was 965272249 and the Group Number for the Policy was 712525. The Summary Plan Description ("SPD") of the Policy, which describes the health benefits provided under the Policy, is attached hereto as Exhibit 1. The SPD further identifies the Plan Name for the Policy as "Jones Lang LaSalle Welfare Benefits Plan" and the Plan Number as 501 (*see* page 182 of SPD).

4

13. The Health Insurance Defendants have failed to provide Plaintiff a copy of the official plan document (i.e., Policy) despite her written request for same.

14. While the SPD indicates the Policy is "self-funded" and subject to the Employee Retirement Income Security Act of 1974 (ERISA), upon information and belief, the Policy is not fully self-funded. Rather, the Policy is funded, at least in part, through insurance, and thus, jurisdiction in this Court is proper.

15. Upon information and belief, the Policy was in good standing and in force from December 2021 through March 2022.

16. Upon information and belief, the Policy provided coverage for cardiac testing and procedures, including the left heart catheterization and ventriculography recommended by and ordered by Defendant Hassan.

17. Plaintiff's decedent timely submitted a "Pre-Service Request for Benefits" related to the left heart catheterization and ventriculography, as required under the Policy.

18. On December 17, 2021, the Health Insurance Defendants denied coverage under the Policy for the left heart catheterization and ventriculography procedure recommended to Plaintiff's decedent by Defendant Hassan, improperly determining that it was "not medically necessary".

19. On January 4, 2022, Plaintiff's decedent had a follow-up visit with Defendant Hassan due to increased shortness of breath, edema, and dyspnea on exertion. Defendant Hassan once again noted that Plaintiff's decedent needed a left heart catheterization to rule out ischemic cardiomyopathy.

5

20. On or before February 8, 2022, the Health Insurance Defendants again denied coverage under the Policy for Plaintiff's decedent's the left heart catheterization and ventriculography.

21. On February 8, 2022, Plaintiff's decedent had another follow-up appointment with Defendant Hassan due to his continued shortness of breath and dyspnea on exertion, where it was noted that the left heart catheterization had now been denied twice by the Health Insurance Defendants. Given the Health Insurance Defendants' refusal to approve his recommended treatment, Defendant Hassan ordered a nuclear stress in an attempt to further evaluate Plaintiff's decedent's cardiac abnormalities and provide the patient with the cardiac intervention he needed.

22. On March 2, 2022, Plaintiff's decedent underwent the nuclear stress test ordered by Defendant Hassan, which confirmed the significant abnormalities previously identified in the echocardiogram that was performed on December 9, 2021.

23. Unfortunately, the following day, Plaintiff's decedent suffered a cardiac arrest and was pronounced dead at 11:39 p.m. on March 3, 2022.

24. Had Plaintiff's decedent been approved for the left heart catheterization and ventriculography, as recommended and ordered by Defendant Hassan, his subsequent cardiac arrest and death likely would have been prevented.

25. An Affidavit of Merit is attached hereto as Exhibit 2, and is incorporated herein, as contemplated by Civ.R. 10(D)(2).

6

## PLAINTIFF'S CLAIMS FOR RELIEF AGAINST
## HEALTH INSURANCE DEFENDANTS

**Count I:** **Declaratory Judgment**

26. Plaintiff's decedent was insured under the Policy for health insurance benefits provided by the Health Insurance Defendants, including cardiac testing, such as the heart catheterization and ventriculography that was recommended by and ordered by Defendant Hassan.

27. Plaintiff's decedent timely submitted claims related to his left heart catheterization and ventriculography to the Health Insurance Defendants under the Policy.

28. The left heart catheterization and ventriculography should have been approved under the Policy, as the results of his transthoracic echocardiogram demonstrated the procedure was medically necessary.

29. The Health Insurance Defendants denied the left heart catheterization and ventriculography on the basis that it was "not medically necessary," despite it being recommended and necessary treatment according to Defendant Hassan.

30. Plaintiff's decedent was wrongfully denied benefits under the Policy.

31. This Court has authority to enter a declaratory judgment pursuant to R.C. 2721.02.

32. Pursuant to R.C. 2721.03 and 2721.24, Plaintiff may seek a declaration from this Court to determine any question arising under the Policy.

7

33. Plaintiff therefore requests that this Court declare the Plaintiff's decedent was a "Covered Person" under the Policy, that the recommended left heart catheterization and ventriculography procedure was a "Covered Health Service" under the Policy, and that the Health Insurance Defendants should have approved the procedure and provided coverage under the Policy.

**Count II:    Breach of Contract**

34. The Policy is a contract between Plaintiff's decedent and the Health Insurance Defendants.

35. Plaintiff substantially performed all of his contractual obligations under the Policy.

36. The Health Insurance Defendants failed to perform their contractual obligations under the Policy.

37. The Health Insurance Defendants breached the Policy by failing to provide Plaintiff's decedent benefits under the Policy.

38. As a result of the Health Insurance Defendants' breach of the Policy, Plaintiff's decedent suffered significant injuries and damages, including a cardiac arrest and death.

**Count III:   Bad Faith**

39. As a health insurance carrier, the Health Insurance Defendants have a responsibility to act in good faith towards its insureds.

40. As a health insurance carrier, the Health Insurance Defendants have a duty to comply with Ohio's insurance laws codified in R.C. 3901.20 and R.C. 3901.21, as

8

well as Ohio's insurance regulations codified in Ohio Administrative Code 3091-1-07 and 3901-1-54.

42. The Health Insurance Defendants have violated Ohio's insurance laws and regulations by and through their conduct described in the preceding Paragraphs of this Complaint.

42. The Health Insurance Defendants failed to act in good faith towards Plaintiff's decedent.

43. The Health Insurance Defendants did not have a reasonable justification for denying Plaintiff's decedent's request for pre-approval of his left heart catheterization and ventriculography.

44. Plaintiff's decedent suffered a cardiac arrest and death as a result of the Health Insurance Defendants' failure to act in good faith.

45. Plaintiff also suffered additional damages and losses as a result of the Health Insurance Defendants' failure to act in good faith.

**Count IV:	Punitive Damages**

46. The Health Insurance Defendants acted with malice and/or reckless disregard towards Plaintiff's decedent and/or Plaintiff.

47. As a result of the Health Insurance Defendants' malicious and/or reckless conduct, Plaintiff's decedent suffered a cardiac arrest and death.

48. As a further result of the Health Insurance Defendants' malicious and/or reckless conduct, Plaintiff has suffered additional damages and losses.

9

Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Mar 01 10:22 AM-24CV001748
0G750 - U55

49. Plaintiff is entitled to recover punitive damages against the Health Insurance Defendants.

PLAINTIFF'S CLAIMS FOR RELIEF AGAINST
ALL DEFENDANTS

**Count V:** **Wrongful Death**

50. Defendants, individually or by and through agents or employees, were professionally negligent and fell below the accepted standards of medical care in that they failed to exercise the degree of care required of reasonably skillful and prudent physicians, specialists, and/or other health care professionals under similar circumstances by, *inter alia*, failing to timely and appropriately intervene in response to Plaintiff's decedent's concerning cardiac complaints and echocardiogram findings.

51. As a direct and proximate result of Defendants' negligence as stated above, Plaintiff's decedent suffered severe and permanent injuries, including, *inter alia*, cardiac arrest and death.

52. As a direct and proximate result of the negligence of Defendants as stated above, Plaintiff's decedent suffered a wrongful death on March 3, 2022.

53. As a further direct and proximate result of the negligence of the Defendants and the wrongful death of Plaintiff's decedent, his next of kin have suffered mental anguish and pecuniary and non-pecuniary losses, including loss of support, consortium, love, services, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.

54. As a further direct and proximate result of the negligence of Defendants and the wrongful death of Plaintiff's decedent, the Estate has incurred reasonable burial and funeral expenses.

**Count VI:   Informed Consent**

55. Defendants failed to fully inform Plaintiff's decedent of the risks inherent in the management and treatment plan pursued by Defendants and/or failed to advise him of accepted medical treatment alternatives and, therefore, failed to obtain his informed consent.

56. Had Plaintiff's decedent been fully and properly informed of the risks inherent in the management and treatment plan pursued by Defendants and/or advised by Defendants of accepted medical treatment alternatives, he would not have consented to the management and treatment plans pursued by Defendants.

57. As a direct and proximate result of the failure of Defendants to obtain informed consent, Plaintiff's decedent sustained injury and death due to the risks inherent in Defendants' management and treatment plans.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a) That this Court issue declaratory judgment that Plaintiff's decedent was an insured under the Policy, that the requested benefits were covered under the Policy, and that the requested benefits should have been approved by the Health Insurance Defendants under the Policy;

b) That Plaintiff be awarded damages in excess of $25,000 against the Health Insurance Defendants for their breach of contract;

11

c) That Plaintiff be awarded damages in excess of $25,000 against the Health Insurance Defendants for their bad faith;

d) That Plaintiff be awarded punitive damages against the Health Insurance Defendants;

e) That Plaintiff be awarded damages in excess of $25,000 against Defendants, jointly and severally, for causing Plaintiff's decedent's wrongful death and for failing to obtain his informed consent.

f) That Plaintiff be awarded reasonable attorney's fees and other expenses;

g) That Plaintiff be awarded any other relief this Court deems just and equitable.

Respectfully Submitted,

/s/ John A. Markus
Craig S. Tuttle (0086521)
John A. Markus (0093736)
LEESEBERG TUTTLE
175 S. Third Street, Penthouse One
Columbus, Ohio 43215
Tel: 614/221.2223
Fax: 614/221.3106
Email: ctuttle@leeseberglaw.com
jmarkus@leeseberglaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby respectfully demands a jury of eight as to all issues contained herein.

/s/ John A. Markus
John A. Markus

12