**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA L. CUPP, as Administrator of the Estate of LITTLE JOHN CUPP, | Case No. 2:24-CV-01519 |
| Plaintiff, | Judge Edmund A. Sargus |
| vs. | Magistrate Judge Chelsey M. Vascura |
| UNITED HEALTHCARE SERVICES, INC., et al., | |
| Defendants. | |

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S**
**SUPPLEMENTAL NOTICE OF REMOVAL**

Defendant United Healthcare Services, Inc. files this Supplemental Notice of Removal

under 28 U.S.C. §§ 1441 and 1446 to remove this case from the Court of Common Pleas for

Franklin County, Ohio, General Division, where it was previously pending as Case No. 24-CV-

001784, to the United States District Court for the Southern District of Ohio, Eastern Division. In

addition to the reasons stated in Defendant EviCore Healthcare MSI, LLC's Notice of Removal,

this case is removable under 28 U.S.C. § 1331 because Plaintiff Cupp's claims, in whole or in part,

arise under and are completely preempted by the Employee Retirement Income Security Act of

1974 (ERISA), as amended, 29 U.S.C. § 1001, *et. seq.*, supplying federal question jurisdiction.

## I.      BACKGROUND

1.      Plaintiff is the appointed administrator for the estate of Little John Cupp

("Decedent"). Comp. ¶ 1.

2.      On March 1, 2024, Plaintiff filed a Complaint in the Court of Common Pleas, for

Franklin County, Ohio. The Complaint names five Defendants: United, EviCore Healthcare

MSI, L.L.C. d/b/a EviCore Healthcare, Adena Health System d/b/a Adena Regional Medical Center, Adena Medical Group, L.L.C. (together, "Adena"), and Hafeez Ul Hassan, M.D.

3.      In accordance with Ohio Rule of Civil Procedure 4.7, on March 4, 2024, United received a service waiver request form from Plaintiff to which the Complaint was attached. United executed and returned the service waiver to Plaintiff on March 22, 2024. Plaintiff filed United's service waiver on the state court docket on March 27, 2024, making that the effective date of service. *See* Ohio R. Civ. P. 4.7(E) ("When the plaintiff files a waiver . . . these rules apply as if a summons and complaint had been served at the time of filing the waiver."); Staff Notes, Ohio R. Civ. P. 4.7 ("Paragraph (E) clarifies the effective date of service when service is waived."); Official Form, Ohio R. Civ. P. 4.7 ("If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed . . . .").

4.      In the Complaint, Plaintiff alleges that Decedent "was insured under a health insurance policy . . . provided by and/or managed by" United and EviCore—specifically, the "Jones Lang LaSalle Welfare Benefits Plan" ("the Plan"). Compl. ¶ 12. Plaintiff further alleges that Defendants "individually or by and through agents and/or employees, provided medical care, treatment, and services to" Decedent between December 9, 2021 and March 3, 2022. Compl. ¶ 9.

5.      According to Plaintiff, Dr. Hassan "recommended and ordered" that Decedent "undergo a left heart catheterization and ventriculography" after observing "significant abnormalities" in the results of Decedent's echocardiogram on December 9, 2021. Compl. ¶¶ 10–11. Plaintiff asserts that United and EviCore "denied coverage under the Policy" for

those procedures after "improperly determining" that they were "not medically necessary." Compl. ¶ 18.

6.      Plaintiff further alleges that, in January 2022, Dr. Hassan "again noted" that Decedent "needed a left heart catheterization," but that United and EviCore "again denied coverage under the Policy" for those procedures in February 2022. Compl. ¶¶ 19–20.

7.      According to the Complaint, Decedent suffered a cardiac arrest and died on March 3, 2022. Compl. ¶ 23. Plaintiff alleges that, "[h]ad [Decedent] been approved for the left heart catheterization and ventriculography, as recommended and ordered by Defendant Hassan, his subsequent cardiac arrest and death likely would have been prevented." Compl. ¶ 24.

8.      Plaintiff asserts claims against United and EviCore for breach of contract, bad faith, punitive damages, and a declaratory judgment regarding Decedent's right to coverage under the Plan. Compl. ¶¶ 26–49. She asserts claims for wrongful death and informed consent against all Defendants. Compl. ¶¶ 50–57.

9.      Plaintiff seeks (1) a declaratory judgment regarding Decedent's right to coverage under the Plan; (2) damages in excess of $25,000 for her breach of contract claim; (3) damages in excess of $25,000 for her bad faith claim; (4) punitive damages; (4) damages in excess of $25,000 for her wrongful death and informed consent claims; (5) attorney's fees and other expenses; and (6) other relief that the Court deems just and equitable. Compl. ¶¶ 57(a)–(f).

10.      Plaintiff attached the Plan's 2022 "Summary Plan Description" to the Complaint as Exhibit 1. Compl. ¶ 12; Compl. Ex. 1. Under Ohio Rule of Civil Procedure 10(D)(1), Plaintiff had an obligation to attach to her Complaint any contract upon which her claims are based. The SPD is the only Plan document attached to the Complaint.

11.     The Plan was and is an ERISA-governed plan. The SPD informs Plan members that the SPD "is designed to meet your information needs and the disclosure requirements of the Employee Retirement Income Security Act of 1974 (ERISA)." Compl. Ex. 1, at 1.

12.     ERISA is a defined term in the SPD's glossary. *Id.* at 151 (defining ERISA as "the federal legislation that regulates retirement and employee welfare benefit programs maintained by employers and unions").

13.     The SPD further states "[b]y participating in and accepting Benefits from the Plan," a member "agree[s] that . . . you and your representative shall be fiduciaries of the Plan (within the meaning of ERISA) with respect to such amounts[.]" *Id.* at 126. The SPD also authorizes the Plan to "take necessary and appropriate action to preserve its rights under these provisions, including but not limited to . . . filing an ERISA reimbursement lawsuit[.]" *Id.*

14.     Section 16 of the SPD is titled "Important Administrative Information: ERISA." *Id.* at 181. Section 16 includes "information on the administration of the medical Plan, as well as information required of all Summary Plan Descriptions by ERISA[.]" *Id.*

15.     Section 16 explains that "Jones Lang LaSalle is the Plan Sponsor and Plan Administrator," while "UnitedHealthcare is the Plan's Claims Administrator." *Id.* The Plan is described as a "self-funded welfare Plan" and the "Assets of the Company" are noted as the Plan's "Source of Benefits." *Id.* at 182.

16.     Section 16 contains a subsection titled "Your ERISA Rights." *Id.* It states that, "[a]s a participant in the Plan, you are entitled to certain rights and protections under ERISA." Those rights are then explained in detail. *Id.* at 182–83. Should Plan members have questions about their rights under ERISA, the SPD directs them to "contact the nearest office of the Employee

Benefits Security Administration . . . or write to the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration[.]" *Id.* at 183.

17.     In the Complaint, Plaintiff acknowledges that "the SPD indicates the Policy is 'self-funded' and subject to the Employee Retirement Income Security Act of 1974 (ERISA)[.]" Compl. ¶ 14.

18.     Plaintiff's claims in this case amount to a claim for benefits under an ERISA plan. Because Plaintiff seeks relief under an ERISA-governed benefit plan, and because any relief would exist only because of the Plan, ERISA completely preempts her claims. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 213–14 (2004). Accordingly, this action is removable because this Court has federal-question jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1331.

## II.     VENUE

19.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this Court sits in the federal judicial district and division embracing the Court of Common Pleas for Franklin County, Ohio, the court from which removal is sought. *See* 28 U.S.C. § 115(b)(2).

## III.     FEDERAL QUESTION JURISDICTION

20.     A defendant may remove any state-court action that originally could have been filed in a federal court. That includes cases that involve a federal question or arise under federal law. *See* 28 U.S.C. §§ 1331, 1441(a).

21.     "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). ERISA is one of those statutes because its primary objective is to "provide a uniform regulatory regime over employee benefit plans." *Id.* at 208. The Supreme Court has

recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, *et seq.*, is one area in which Congress intended to occupy the field, thus providing for "complete" or super preemption of state law claims, even if no explicit federal claim is pleaded on the face of the complaint. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67 (1987); *see also Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016) (quoting *Davila*, 542 U.S. at 209) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Under ERISA, federal district courts have original jurisdiction over completely preempted claims regardless of the amount in controversy or the parties' citizenship. *See* 29 U.S.C. §§ 1132(e)(1), (f); *see also* 28 U.S.C. § 1331.

22.    Under the Supreme Court's two-part *Davila* test, ERISA completely preempts claims when "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms.'" *Hogan*, 823 F.3d at 879 (quoting *Davila*, 542 U.S. at 210). Both *Davila* prongs are satisfied here.

23.    Regarding the first prong, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit[.]" *Id.* at 880 (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002)). "[W]here it appears that the plaintiff may have carefully crafted her complaint to circumvent federal jurisdiction, [the court] consider[s] whether the facts alleged in the complaint actually implicate a federal cause of action[.]" *Id.* (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015)).

24.     Here, although framed as various claims under Ohio state and common law, Plaintiff's claims implicate coverage and benefit determinations under an ERISA-governed plan. *See, e.g.*, Compl. ¶ 18 ("Health Insurance Defendants denied coverage under the Policy for the left heart catheterization and ventriculography procedure . . . improperly determining that it was 'not medically necessary.'"); *id* ¶ 30 ("[Decedent] was wrongfully denied benefits under the Policy."); *id.* ¶ 37 ("Health Insurance Defendants breached the Policy by failing to provide [Decedent] benefits under the Policy."); *id.* ¶ 43 ("Health Insurance Defendants did not have a reasonable justification for denying [Decedent's] request for pre-approval of his left heart catheterization and ventriculography."). The first *Davila* prong is thus satisfied.

25.     *Davila*'s second prong is also satisfied because Plaintiff's claims do not present an independent legal duty. "A state-law tort is independent of ERISA when the duty conferred was 'not derived from, or conditioned upon, the terms of' the plan, and there is no 'need[] to interpret the plan to determine whether that duty exists.'" *Hackney v. AllMed Healthcare Mgmt., Inc.*, 679 Fed. App'x 454, 458 (6th Cir. 2017) (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 615 (6th Cir. 2013)).

26.     Here, Plaintiff's causes of action require interpretation of coverage under the relevant ERISA plan terms and seek to enforce obligations imposed by ERISA. For example, regarding her claim for breach of contract (Count II), Plaintiff alleges that United and EviCore "breached the Policy by failing to provide [Decedent] benefits under the Policy." Compl. ¶ 37. In other words, Plaintiff's breach of contract claim concerns the denial of coverage under an ERISA-governed plan and is thus completely preempted. *See Huisjack v. Medco Health Sols., Inc.*, 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007) ("[C]ourts have repeatedly held that a breach of contract claim against an insurer arising out of a denial of benefits is essentially a claim for

benefits under [ERISA] § 502(a)(1)(B) and should be characterized as such. Consequently, [Plaintiff's breach of contract] claim is completely preempted[.]" (citation omitted)). The relationship between the parties is based solely on the Plan.

27.     Plaintiff's remaining causes of action—declaratory judgment (Count I), bad faith (Count III), punitive damages (Count IV), wrongful death (Count V), and informed consent (Count VI)— are all preempted for the same reason: They all relate to the alleged denial of coverage under the Plan. *See, e.g., Hechter v. Nationwide Fire Ins. Co.*, 2015 U.S. Dist. LEXIS 51013, at *12–14 (S.D. Ohio Apr. 17, 2015) (plaintiff's declaratory judgment and bad faith claims were preempted under ERISA because "[t]he rights Plaintiff seeks to enforce through these claims originate under the terms of her employee benefit plan"); *Tolton v. American Biodyne*, 48 F.3d 937, 943 (6th Cir. 1995) (finding that removal of a state law wrongful death claim was proper because it "ar[o]se from an allegedly improper denial of benefits to an ERISA beneficiary").

28.     Notwithstanding her acknowledgement that "the SPD indicates the Policy is 'self-funded' and subject to the Employee Retirement Income Security Act of 1974 (ERISA)," Plaintiff alleges that "upon information and belief, the Policy is not fully self-funded. Rather, the Policy is funded, at least in part, through insurance, and thus, jurisdiction in this Court is proper." Compl. ¶ 14. But the SPD—which is the only Plan document attached to the Complaint—states explicitly that the Plan is "self-funded" and governed by ERISA. That would remain true even if, as Plaintiff alleges on information and belief, the Plan is funded in part through the purchase of insurance. *See* 29 U.S.C. § 1002(1) (ERISA governs "any plan, fund, or program" which is "established or maintained by an employer or by an employee

organization, or by both . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise," medical benefits).

29.    Because the case turns on an analysis of a benefits determination under an ERISA-governed plan, ERISA completely preempts Plaintiff's claims such that there is federal-question jurisdiction under 28 U.S.C. § 1331.

## IV.    SUPPLEMENTAL JURISDICTION

30.    ERISA completely preempts all of Plaintiff's claims, but even if there were some claim that was not completely preempted, this Court would have supplemental jurisdiction over it under 28 U.S.C. §1367(a) because the claim would form part of the same case or controversy under Article III of the United States Constitution.

31.    If the Court later finds that any cause of action is not subject to the complete preemption doctrine, the Court has supplemental jurisdiction over such claims. All Plaintiff's claims arise out of the same nucleus of operative facts over which the Court has federal-question jurisdiction under ERISA. Exercising supplemental jurisdiction is appropriate because the claims do not raise novel or complex issues of state law and do not substantially predominate over any federal claims governed by ERISA.

## V.    OTHER REMOVAL REQUIREMENTS

32.    All other removal requirements are satisfied. This Supplemental Notice of Removal is timely. It is filed within 30 days of March 4, 2024, which is the date that United received a copy of the Complaint attached to Plaintiff's service waiver request form—which does not qualify as service under *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999)—and within 30 days of March 27, 2024, which is United's effective date of service under Ohio Rule of Civil Procedure 4.7.

9

33.     Franklin County, Ohio is within the territorial jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

34.     As of the date of this Supplemental Notice, service waivers for Adena and Dr. Hassan have been recorded on the state court docket. Both consent to removal. *See* Exhibit A. Consent to removal is not needed from Defendants who have not been served. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action." (emphasis added)).

35.     A copy of this Supplemental Notice is being served on all counsel of record and is being filed with the Clerk of the Court of Common Pleas for Franklin County, Ohio. 28 U.S.C. § 1446(d).

36.     A copy of all state court process, pleadings, and orders served on United as of March 29, 2024 are attached as Exhibit A to EviCore's Notice of Removal. *See* Dkt. 1-1. All process, pleadings, and orders recorded on the state court docket since the filing of EviCore's Notice of Removal are attached to this Supplemental Notice as Exhibit B. 28 U.S.C. § 1446(a).

37.     In the event plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, United respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

## CONCLUSION

For the reasons set forth above, United hereby respectfully removes this action to the United States District Court for the Southern District of Ohio, Eastern Division.


Dated: April 3, 2024


10

Respectfully submitted,

/s/ Katheryn M. Lloyd
Katheryn M. Lloyd (0075610)
*Trial Attorney*
Amber L. Merl (0080655)
Carpenter Lipps LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
lloyd@carpenterlipps.com
merl@carpenterlipps.com

*Attorneys for Defendant United Healthcare Services, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2024, I caused a true and correct copy of the foregoing to be filed through the Court's electronic filing system and that this document was emailed to counsel of record identified below.

John A. Markus
jmarkus@leeseberglaw.com
Craig S. Tuttle
ctuttle@leeseberglaw.com

*Attorneys for Plaintiff*

Carly D. Glantz
cglantz@meyersroman.com
Daniel K. Ryan
dryan@hinshawlaw.com
James M. Brodzik
JBrodzik@hinshawlaw.com

*Attorneys for EviCore Healthcare MSI LLC*

Jessica L. Davis
jessica.davis@dinsmore.com
Joseph K. Merical
joseph.merical@dinsmore.com

*Attorneys for Adena Health System, Adena Medical Group, LLC, and Hafeez Ul Hassan, M.D.*

*/s/* Katheryn M. Lloyd

*One of the Attorneys for Defendant United Healthcare Services, Inc.*