IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Christina Cupp, as Administrator of the Estate of Little John Cupp,** ) ) ) | |
| **Plaintiff,** ) ) ) | |
| v. ) ) | Case No. 2:24-cv-01519 |
| **United HealthCare Services, Inc., EviCore Healthcare MSI, LLC, Adena Health System, Adena Medical Group, LLC, and Hafeez Ul Hassan,** ) ) ) ) ) ) ) | Judge Edmund A. Sargus<br>Magistrate Judge Chelsey M. Vascura |
| **Defendants.** ) | |

**DEFENDANT EVICORE HEALTHCARE MSI, LLC
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

In accordance with Federal Rule of Civil Procedure 12(b)(6), Defendant EviCore Healthcare MSI, LLC ("EviCore") moves this Court to dismiss with prejudice the Complaint filed by Plaintiff Christina Cupp as Administrator of the Estate of Little John Cupp because the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) (ERISA) preempts Cupp's claims. Her claims for wrongful death, bad faith, lack of informed consent, and punitive damages also fail because those claims are not adequately alleged. In support of its Motion, EviCore states as follows:

**INTRODUCTION**

Plaintiff Christina L. Cupp is the administrator of the estate of Little John Cupp ("Decedent"). Cupp alleges that Decedent suffered a cardiac arrest and death while seeking heart treatment that the EviCore wrongfully denied. At all relevant times, Decedent received healthcare benefits through a "Welfare Benefits Plan" funded and sponsored by his former employer, Jones

Lang LaSalle.

Cupp alleges the following state law claims against the EviCore: (1) a claim for a declaratory judgment that benefits under the Policy[1] were wrongfully denied, (2) breach of contract under the Policy, (3) bad faith denial of benefits under the Policy, (4) punitive damages, (5) wrongful death, and (6) failure to obtain informed consent. In addition to a declaratory judgment and punitive damages, Cupp seeks relief in the form of damages exceeding $25,000 for each of her breach of contract and bad faith claims, and for her wrongful death and informed consent claims together. But ERISA expressly preempts all her claims because they relate to the Plan, which is an employee welfare benefit plan governed by ERISA. The Complaint must be dismissed with prejudice.

## FACTUAL ALLEGATIONS[2]

Cupp alleges that, on or about December 9, 2021, Decedent sought medical treatment from Defendant Hafeez ul Hassan, M.D. for shortness of breath and dyspnea on exertion. Complaint, Dkt. 3 ¶ 10. Based on allegedly abnormal echocardiogram results interpreted by Dr. Hassan, Decedent submitted a "Pre-Service Request for Benefits" to the EviCore requesting authorization to undergo a diagnostic left heart catheterization and ventriculography procedure. *Id.* ¶¶ 11, 17. On December 17, 2021, Decedent's request was denied on the grounds that the requested procedures were not medically necessary. *Id.* ¶ 18. The denial was upheld on the same grounds on

---

[1] Although Cupp alleges that Decedent was an insured under "a health insurance policy provided by and/or managed by the EviCore," she attached the Plan's Summary Plan Description to her Complaint, noting that it contains "the health benefits provided under the Policy" and "identifies the Plan Name for the Policy . . . and the Plan Number." Compl. ¶ 12, Ex. 1. The SPD confirms that the Plan is self-insured. Summary Plan Description, attached as Exhibit A, at 182.

[2] These are drawn from the Complaint for purposes of this Motion only and are not intended to constitute admissions or stipulations for any other purpose.

2

February 8, 2022. *Id.* ¶ 20. On March 2, 2022, Decedent underwent a diagnostic nuclear stress test which allegedly confirmed the December 9, 2021 echocardiogram results. *Id.* ¶ 22. Decedent died of cardiac arrest the following day. *Id.* ¶ 23.

At all relevant times, Decedent was a participant in the Plan. Jones Lang LaSalle is the Plan Sponsor and Plan Administrator and United HealthCare is the Plan's designated Claims Administrator. *See* Summary Plan Description, attached as Exhibit A, at 181. ERISA governs all "employee welfare benefit plan[s]," meaning "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . , to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death or unemployment." *See* 29 U.S.C. § 1002(1). Because the Plan falls squarely within the bounds of that statutory definition, it is governed by ERISA.

But if that point was unclear, the SPD explicitly states that the Plan is governed by ERISA. *See* Ex. A at 1 ("This SPD is designed to meet your information needs and the disclosure requirements of the Employee Retirement Income Security Act of 1974 (ERISA)."). Cupp attached the SPD to the Complaint as Exhibit 1. *See* Dkt. 3 ¶ 12; Dkt. 1-1 at 15–227. The SPD confirms in numerous sentences that the Plan is governed by ERISA. Ex. A at 181. Section 16 of the SPD, titled "Important Administrative Information: ERISA," provides in relevant part:

- "What this section includes: Plan administrative information, including your rights under *ERISA*."

- "This section includes information on the administration of the medical Plan, as well as information required of all Summary Plan Descriptions by *ERISA* as defined in Section 14, *Glossary*."

- "This section of your SPD contains information about how the Plan is administered as required by ERISA."

3

- "As a participant in the Plan, you are entitled to certain rights and protections under ERISA. . . ."

Ex. A, at 182–83.[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court should dismiss a complaint that fails to "state a claim upon which relief can be granted." Although the district court must draw all reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not presumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

The complaint must "state a claim to relief that is plausible on its face." *Id.* at 678 (internal citation and quotation marks omitted). A claim has requisite "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Id*. Although the plausibility standard differs from a "probability requirement," it still requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted). In such cases, the Court should dismiss the complaint for failing to state a cause of action under Fed. R. Civ. P. 12(b)(6).

"[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327,

---

[3] In addition to the references to ERISA contained in the SPD, Jones Lang LaSalle also complied with its ERISA obligations by filing Treasury Form 5500 for the subject Plan, which is mandatory for employee benefit plans governed by ERISA. *See* Form 5500 Schedule A, attached as Exhibit B; *see also* 29 U.S.C. § 1023.

335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Here, that includes the SPD, which Cupp attached to her Complaint.[4]

## ARGUMENT

As set forth below, Cupp's claims against the EviCore are expressly and completely preempted under ERISA and must be dismissed under 29 U.S.C. §§ 1144(a) and 1132(a)(1)(B). Cupp also fails to adequately allege claims for wrongful death, bad faith, lack of informed consent, and punitive damages; those pleading failures provide an independent basis for dismissal of those claims.

### I. CUPP'S CLAIMS AGAINST EVICORE MUST BE DISMISSED BECAUSE ERISA EXPRESSLY PREEMPTS THEM.

Congress enacted ERISA "to protect . . . the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)) (internal quotation marks omitted). The Supreme Court has held time and again that ERISA's "carefully integrated civil enforcement provisions," *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985), "were intended to be exclusive," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). To that end, ERISA contains "expansive pre-emption provisions," which operate to maintain the regulation of benefit plans in the federal domain. *Davila*, 542 U.S. at 208 (citations omitted); *see also Pilot Life*, 481 U.S. at 46 (ERISA's preemption provisions are "deliberately

---

[4] In addition to the complaint and exhibits thereto, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Com. Money Ctr.*, 508 F.3d at 336. This includes "excerpts from publicly available annual Department of Labor Form 5500 reports." *Davis v. Magna Int'l of Am., Inc.*, 2021 U.S. Dist. LEXIS 62106, at *6 (E.D. Mich. Mar. 31, 2021). Accordingly, the Court may properly consider the publicly available Form 5500 for the Plan filed by Jones Lang LaSalle.

expansive, and designed to establish [ERISA] plan regulation as exclusively a federal concern"); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (Congress included ERISA's expansive preemption clause "to displace all state laws that fall within [ERISA's] sphere, even including state laws that are consistent with ERISA's substantive requirements").

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). That includes state common law claims. *See, e.g.*, *Cromwell v. Equicor– Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (the Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA" and holding that plaintiffs' state law contract claims were "at the very heart of issues within the scope of ERISA's exclusive regulation"); *Lerner v. Elec. Data Sys. Corp.*, 2009 U.S. App. LEXIS 4922, *7 (6th Cir., Mar. 9, 2009) (breach of contract claim seeking payment of insurance benefits "related to" an ERISA benefit plan and was preempted). A state law "relates to an employee benefit [ERISA] plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983) (internal marks omitted).

Here, Cupp's claims against the EviCore relate to an ERISA-governed plan because they arise from the administration of Decedent's claim for healthcare benefits under the Plan. Cupp alleges that, at all relevant times, Decedent was a participant in the Plan, he sought benefits under the Plan in connection with his medical procedures (specifically, a diagnostic heart catheterization and ventriculography), and that his claim for those benefits was wrongfully denied. Cupp's state law clearly claims "relate to" the ERISA-governed plan at issue and so they are expressly preempted under ERISA § 514(a). *See, e.g.*, ERISA § 514(a), 29 U.S.C. § 1144(a); *Pilot Life*, 481 U.S. at 47–48 (claims for bad faith and breach of contract "relate to" the administration of an

6

ERISA plan and are therefore preempted by ERISA); *Cromwell*, 944 F.2d at 1276 (state-law breach of contract claim based on denial of benefits is "at the very heart of issues within the scope of ERISA's exclusive regulation"); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995) (state-law claims for wrongful death, improper denial of benefits, and insurance bad faith were preempted because plaintiff's claims "all arise from American Biodyne's refusal to authorize psychiatric benefits to Tolton under the [ERISA] plan" and therefore "clearly 'relate to' the benefit plan"); *Gadsby v. United of Omaha Life Ins. Co.*, 2019 U.S. Dist. LEXIS 52587, at *7–8 (E.D. Pa. Mar. 28, 2019) (claim for a declaration "as to Defendants' duties . . . under the Policy" expressly preempted "because it invokes a state common law claim that relates to or has a connection with a plan governed by ERISA"); *Vaught v. The Hartford Life & Accident Ins. Co.*, at *16 (S.D. Ohio Sept. 1, 2011) ("With respect to damages, plan beneficiaries may not recover punitive damages for the denial of ERISA benefits. Punitive damages are based on state law and thus are preempted under ERISA." (citing *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 697 (6th Cir. 1989), *cert. denied*, 495 U.S. 905 (1990); *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987))); *id.* at 7–10 (breach of contract and bad faith claims preempted by ERISA "because they plainly relate to the administration of the Plan and the denial of benefits"). Accordingly, the Complaint should be dismissed with prejudice.

**II. CUPP'S CLAIMS AGAINST EVICORE ALSO MUST BE DISMISSED BECAUSE ERISA § 502(A)(1)(B) COMPLETELY PREEMPTS THEM AND HER SOLE REMEDY, IF ANY, IS AN ERISA CLAIM FOR BENEFITS.**

An ERISA plan participant has a limited remedy in the event they believe that benefits were not properly administered under the plan: They may bring suit "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his

rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This is the plan participant's exclusive remedy, and any related state court causes of action are pre-empted.

Cupp's claims are completely preempted under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In *Pilot Life*, the Supreme Court held that Congress clearly intended for the remedies in ERISA § 502(a) to be exclusive. 481 U.S. at 54; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Since *Pilot Life* and *Taylor*, the Supreme Court has confirmed time and again that the exclusivity of ERISA's civil enforcement scheme ensures that ERISA plans, and those who administer them, are "subject to a uniform body of benefits law." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990); *see also Shaw*, 463 U.S. at 105; *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001) (noting that "[u]niformity is impossible … if plans are subject to different legal obligations in different States."). The Court reasoned, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants [and beneficiaries] were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life,* 481 U.S. at 54.

To maintain that uniformity, the Court explained in *Davila* that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. This is the doctrine of complete preemption. In *Davila*, the Supreme Court articulated a two-prong test for complete ERISA preemption, stating: "if an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §502(a)(1)(B)." *Davila*, 542 U.S. at 210.

8

Here, ERISA completely preempts Cupp's Complaint because it "duplicates, supplements, [and] supplants" the remedies available to her under ERISA. *See, e.g., Davila*, 542 U.S. at 209; *Little River Band of Ottawa Indians v. Blue Cross Blue Shield of Mich.*, 183 F. Supp. 3d 835, 842 (E.D. Mich. 2016) ("'[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.'. . . The plaintiffs' state law claims therefore will be dismissed without prejudice." (citations omitted)); *Lerner v. Cont'l Cas. Co.*, 2006 U.S. Dist. LEXIS 12899, at *3–4 (E.D. Mich. Mar. 13, 2006) (breach of contract claim completely preempted under ERISA § 502 where it would "require an interpretation of the plan or a clarification of its benefits"); *Kasle v. BCBSM Found.*, 2019 U.S. Dist. LEXIS 171, at *3–5 (E.D. Mich. Jan. 2, 2019) (dismissing breach of contract claim because it was completely preempted under ERISA § 502). Although couched in state law, each of Cupp's claims flows from the allegation that the denial of Decedent's request for the catheterization and ventriculography on medical necessity grounds constituted a breach of the Plan. Therefore, Cupp's state law claims "could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. And the legal duty that Cupp seeks to enforce is grounded in the Decedent's ERISA-governed Plan. The Complaint does not allege that the EviCore violated any other "independent legal duty" outside of those governing compliance with the Plan. *Id.* Nor could it: The parties' relationship arose solely from the ERISA-governed Plan. To rule on Cupp's claims, the Court would have to refer to and construe the Plan's terms. Accordingly, Cupp's claims are completely preempted by ERISA, her sole remedy, if any, is a claim for benefits under the Plan, and the Complaint should be dismissed with prejudice.

### III. ALTERNATIVELY, CUPP'S WRONGFUL DEATH, BAD FAITH, LACK OF INFORMED CONSENT, AND PUNITIVE DAMAGES CLAIMS AGAINST EVICORE MUST BE DISMISSED BECAUSE CUPP HAS NOT ALLEGED FACTS SUPPORTING THOSE CLAIMS.

Even if ERISA did not preempt the Complaint, Cupp's claims for wrongful death, bad faith, lack of informed consent, and punitive damages each fail for the independent reason that she has not adequately alleged them.

To state a valid wrongful death claim under Ohio law, Cupp must plead the following elements:

> 1) death of the decedent; 2) commencement of the action within two years thereafter; 3) a wrongful act, neglect or default of defendant that proximately caused the death and would have entitled the decedent to maintain an action and recover damages had he not died; 4) decedent was survived by a spouse, children, parents or other next of kin; and 5) survivors have incurred damages as a result of the wrongful death.

*Hellmuth v. Hood*, 2019 U.S. Dist. LEXIS 38156, at *6 (6th Cir. Dec. 20, 2019) (citing *Bailey v. United States*, 115 F. Supp. 3d 882, 889 (N.D. Ohio 2015)). Cupp alleges that she is the administrator or Decedent's estate, but she has not pleaded her relationship to Decedent, if any, nor has she pleaded damages that she suffered as result of his death. Those failures warrant dismissal. *See Fekety v. Wellpath*, 2023 U.S. Dist. LEXIS 183239, at *13 (N.D. Ohio, Oct. 12, 2023) ("The Complaint does not identify a survivor or next of kin. Plaintiff did not develop any legal argument that an estate administrator satisfies the fourth element of the cause of action. . . . For these reasons, the Court concludes that Plaintiff did not plead a wrongful death claim under Ohio law.").

Her bad faith claim fares no better. Under Ohio law, "[a]n insurer is liable in tort for bad faith whenever 'its refusal to pay [a] claim is not predicated upon circumstances that furnish

10

reasonable justification therefor.'" *Dawson v. Allstate Vehicle*, 2024 U.S. Dist. LEXIS 349, at *16 (S.D. Ohio Jan. 2, 2024) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554, 644 N.E.2d 397, 400 (Ohio 1994)). But Cupp does not plead how the allegedly improper denial of benefits of which she complains was not "predicated upon circumstances that furnish reasonable justification therefor" when, as she alleges, EviCore deemed the procedures for which Decedent requested authorization "not medically necessary." Dkt. 3 ¶ 18.

Cupp's informed consent claim suffers from similar pleading defects.

> To establish a cause of action for failure to obtain informed consent, the plaintiff must satisfy the following elements: (1) the physician failed to "disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy," (2) "the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient," and (3) "a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed."

*NCMIC Ins. Co. v. Smith*, 389 F. Supp. 3d 535, 544 (S.D. Ohio 2019) (quoting *White v. Leimbach*, 131 Ohio St. 3d 21, 26, 959 N.E.2d 1033 (2011)). Analyzing those elements confirms why Cupp's informed consent claim is inadequately pleaded: The cause of action is for seeking relief from *physicians*—not insurance entities. *Compare Adams v. Cincinnati Children's Hosp. Med. Ctr.*, 2019 U.S. Dist. LEXIS 37319, at *11 – 12 (S.D. Ohio Mar. 8, 2019) ("A lack of informed consent is a medical claim." (citing *White*, 131 Ohio St. 3d at 29, 959 N.E. 2d at 1042)) *with* Ohio Rev. Code § 2305.113(E)(3) ("'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency

11

medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. . . .").

Here, even taking Cupp's allegations as true, EviCore did not propose any course of action to Decedent about heart treatment, did not render any treatment to him, and were under no duty to discuss the medical risks associated with undergoing or forgoing any particular treatment proposed to him by his treating providers—they merely adjudicated his pre-authorization request as required by the terms of the Plan. The Plan does not require that members' express consent be obtained prior to adjudicating claims—that consent is implied by their membership in the Plan. And in any event, the "treatment" for which Cupp alleges EviCore failed to obtain Decedent's informed consent is effectively the *absence* of treatment. In short, Cupp's theories do not graft onto an informed consent claim and that misalignment is evident in the inadequacy of the allegations surrounding the informed consent claim.

Finally, Cupp purports to press a claim for punitive damages, but she cannot do so because "Ohio law does not recognize a stand-alone cause of action for punitive damages[.]" *Reber v. Lab Corp. of Am.*, 2015 U.S. Dist. LEXIS 153838, at *8 (S.D. Ohio Nov. 13, 2015) (citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638, 635 N.E.2d 331, 342 (Ohio 1994)).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant EviCore's motion to dismiss Plaintiff's Complaint with prejudice because it fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant EviCore Healthcare MSI, LLC requests that the Court grant its Motion to Dismiss, enter an Order dismissing Plaintiff's Complaint with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully submitted:

By:   /s/ Carly D. Glantz
Carly D. Glantz
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd, Suite 600
Cleveland, OH 44122
(216) 831-0042
(216) 831-0542
James M. Brodzik (*Admitted Pro Hac Vice*)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois  60606
(312) 704-3000 Phone
(312) 704-3001 Fax
*Attorneys for Defendant EviCore Healthcare MSI, LLC*

**CERTIFICATE OF SERVICE**

A hereby certify that on April 26, 2024, I electronically filed the foregoing Motion to Dismiss using the CM/ECF system, which will send notification of such filing to counsel of record for all parties.

/s/ *Carly D. Glantz*
Attorney for Defendant
*EviCore Healthcare MSI, LLC*